Anthony S. Fiotto *(Pro Hac Vice)*
afiotto@goodwinlaw.com
Brian W. Cook *(Pro Hac Vice)*
bcook@goodwinlaw.com
**GOODWIN PROCTER** LLP
100 Northern Avenue
Boston, MA 02210
Tel.: 617.570.1000
Fax: 617.523.1231

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER** LLP
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: 213.426.2500
Fax: 213.623.1673

Attorneys for Defendant
FOUR SEASONS HOTELS LIMITED

E-FILED
APR 30 2020
Document #_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BURTON WAY HOTELS, LTD., a California limited partnership; BURTON WAY HOTELS, LLC, a Delaware limited liability company; and ACC COMPANY, a California general partnership,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FOUR SEASONS HOTELS LIMITED, an Ontario (Canada) corporation,<br><br>　　　　Defendant. | Case No. 2:11-cv-00303-PSG-PLA<br><br>[~~PROPOSED~~] **FINAL JUDGMENT**<br><br>Ctrm: 6A, First Street Courthouse<br>Judge: Hon. Philip S. Gutierrez |

# [PROPOSED] FINAL JUDGMENT

Based on this Court's Order GRANTING the parties stipulation to Confirm and Correct the Final Award (ECF No. 602) and its Order GRANTING IN PART the motion for supplemental attorneys' fees (ECF No. 645),

**IT IS HEREBY ORDERED, JUDGED, AND DECREED:**

1. Burton Way shall take nothing and has reimbursed Four Seasons as the prevailing party for Four Seasons' reasonable fees and costs through March 31, 2019 in the amount of $7,337,817.43.

2. As ordered in the Court's order on the motion for supplemental attorneys' fees (ECF No. 645), Burton Way shall reimburse Four Seasons for reasonable attorneys' fees and costs Four Seasons incurred after March 31, 2019 and for accrued interest from May 30, 2019 through October 9, 2019 in the amount of $1,331,271.55 (the "Supplemental Fees Award").

3. The federal rate, pursuant to 28 U.S.C. § 1961, shall apply to the Supplemental Fees Award.

4. Throughout the Operating Term, the Second Hotel may carry as part of its name an identifying byline containing the words "Four Seasons", provided that on Operator's publicly available websites and mobile applications, in marketing and promotional materials generated by Operator, and in communications with guests, including but not limited to Operator's guest registration confirmation emails, the byline is (a) placed after, behind, below or following the words "Beverly Wilshire" (or applicable replacement words if the Second Hotel is no longer the Beverly Wilshire), and (b) in a font size smaller than or, if a smaller font size is not within Operator's control, in a font size equal to, the words "Beverly Wilshire" (or applicable replacement words if the Second Hotel is no longer the Beverly Wilshire). This injunction shall be subject to the Notice and opportunity to cure provisions of the Hotel Management Agreement, including but not limited to

1 | paragraphs 19.01 and 19.02.[1]

2 |     5.    By agreement of the parties, (i) Four Seasons need not comply with the injunction found in Paragraph 4 above until October 1, 2020, and (ii) notwithstanding Paragraph 3 above, interest shall not begin to accrue on the Supplemental Fees Award until October 1, 2020.

    6.    The Parties waive all rights to appeal any matter whatsoever that has occurred in these proceedings, including without limitation all proceedings, rulings, orders or awards that have occurred in connection with related arbitration proceedings, and including the Court's entry of this judgment.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: __4/30__, 2020

HON. PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

---

[1] The Hotel Management Agreement refers to the parties' Amended and Restated Hotel Management Agreement (the "Hotel Management Agreement") and any amendments thereto. The terms "Operating Term", "Second Hotel", and "Operator" have the meanings provided in the Hotel Management Agreement.